**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EUGENE SANOU,<br><br>                                 **Plaintiff,**<br><br>v.<br><br>MARINER'S BANK,<br><br>                                 **Defendant.** | Civ. No. 15-cv-5612 (KM)<br><br>**MEMORANDUM OPINION** |

**Introduction**

      Eugene Sanou brings a complaint against Mariner's Bank for a variety of injuries, many of which seem to bear little relation to any conduct by Mariner's. Mariner's moves to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b).

      Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

      Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to

relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the plaintiff, like Mr. Sanou here, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

**The Complaint**

I first consider the allegations of the Complaint (ECF no. 1) that mention or relate in any way to Mariner's. The complaint form itself is fairly focused. Attached, however, is an addendum that ranges over a wide range of subjects, as well as a number of exhibits. The most relevant allegations are found on the complaint form itself, as well as Ex. 1 (ECF No. 1-2), Ch. 2, ¶¶ 1, 15–18, 23–24; Complaint, Ex. 5, p.4 (ECF No. 1-5).

The complaint alleges that, on April 28, 2015, the Plaintiff got into a car accident near JFK Airport. There was an insurance settlement. The check, in the amount of $4936.11, was made out to both the Plaintiff and to Mariner's, the bank that financed the purchase of the car. At Plaintiff's request, Mariner's endorsed the check.

After Plaintiff deposited the check at his bank, Capital One, that bank raised a question about the Mariner's endorsement. The notice read "Missing endorsement/signature guarantee required." (ECF No. 1-2) Capital One allegedly told Plaintiff the check needed a "signature guarantee endorsement." Why Capital One required a signature guarantee from a bank as co-payee on a check is not disclosed. On June 2, 2015, Mariner's sent Capital One a letter verifying that the endorsement was genuine. (ECF no. 1-5, at 4)

Plaintiff seemingly became suspicious, because Mariner's sent the letter to Capital One even though he had never told Mariner's "which Capital One Bank the check was deposited at." He asked Mariner's to endorse the check again; Mariner's replied that it does not do a "signature guarantee endorsement," but that the letter to Capital One should suffice as verification.

Plaintiff states that the person to blame is a Mariner's employee named "Andy" (possibly Andrew Troy, who signed the June 2, 2015 letter). Andy, he alleges, acted on behalf of an organized crime group within the New York City Police Department.

The rest of the complaint does not refer to Mariner's. It relates that plaintiff is being hunted by an organized crime group that listens to his conversations; that the group attempted to murder him by leaking tainted water onto his radiator, creating toxic fumes; that a woman in his building is spying on him; that the group was pumping a toxic chemical into his apartment; that the group has spent millions to silence him; and many other allegations. Plaintiff states that his institutionalization in 2013 was part of this course of conduct directed against him.

All of these allegations concern matters that are obviously extremely distressing to the Plaintiff. Most do not, however, bear directly on the situation with the check, and they do not allege any action by Mariner's. I focus on Mariner's and the check.

**Analysis**

The Complaint does not identify any legal cause of action, *i.e.,* any statute, rule, or case, under which the Plaintiff is suing.

The facts as alleged against Mariner's do not suggest a plausible claim. There is nothing wrongful or unusual about an insurance settlement's being issued jointly to the car owner and the holder of a lien on the car (here, Mariner's). There is nothing wrongful about the car owner's need to obtain the endorsement of the lien holder. Capital One questioned the endorsement, but there are no facts suggesting that Mariner's bears any blame for that. For its part, Mariner's sent Capital One a letter verifying the endorsement, a copy of which is attached to the Complaint. No more should have been necessary to permit the Plaintiff to negotiate the check at Capital One. The Complaint does not state that Plaintiff ever attempted to redeposit or renegotiate the check after Mariner's furnished the letter verifying its endorsement.

Plaintiff states that there was something insufficient about the way Mariner's endorsed the check, but does not state any legal basis for such a conclusion. Mariner's states that the facts of the Complaint, with exhibits, are sufficient to establish that it did what it was supposed to do. Capital One's failure to honor the check, if wrongful, does not give rise to a claim against Mariner's.

No one seems to doubt that the plaintiff is entitled to his insurance proceeds. This is a situation that cries out for a practical solution, not federal litigation. The plaintiff would do well to apply to his insurer for reissuance of the check, which must have expired by now, and to renegotiate it.

## CONCLUSION

For the foregoing reasons, the motion of Mariner's to dismiss the complaint is granted. An appropriate order accompanies this opinion.

Dated: April 29, 2016

_____
KEVIN MCNULTY
United States District Judge