**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EUGENE SANOU,<br><br>                    **Plaintiff,**<br><br>v.<br><br>MARINER'S BANK,<br><br>                    **Defendant.** | Civ. No. 15-cv-5612 (KM)<br><br>**MEMORANDUM OPINION** |

## Introduction

The plaintiff, Eugene Sanou, brought this action against Mariner's Bank alleging that the bank improperly endorsed an insurance settlement check. I previously dismissed the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b), finding that the complaint failed to identify the cause of action under which Sanou was suing and failed to allege any legal basis from which to conclude that Mariner's Bank acted improperly. (Mem. Op. dated April 29, 2016 (Dkt. No. 19) ("Opinion")) I granted the motion of Mariner's Bank to dismiss without prejudice to the filing of an amended complaint within thirty days. (Dkt. No. 20)

Sanou filed an Amended Complaint on May 25, 2016, within the thirty day deadline provided by my order. (Dkt. No. 21) Mariner's Bank has moved to dismiss the Amended Complaint with prejudice for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b). (Dkt. No. 22)

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a

Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the plaintiff, like Mr. Sanou here, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

**Analysis**

An examination of the allegations in the Amended Complaint reveals that it contains the same flaws as the original. Indeed, the Amended Complaint

appears to regurgitate many of the allegations contained in Exhibit 1 to the original complaint, and which in my previous Opinion, I included in my analysis as to the sufficiency of the complaint. (*See* Dkt. No. 1-1; Opinion p. 2) Many allegations are made against many persons and entities, but as to to Mariner's Bank itself, the allegations are not appreciably different from those in the original complaint. Those allegations can be summarized as follows: (1) that Mariner's Bank failed to properly endorse the insurance settlement check (AC ¶ 6); (2) that when informed of the improper endorsement, Mariner's Bank failed to follow through on promised actions to rectify the situation, including by sending a letter to Capital One confirming the endorsement (AC ¶ 9, 15); (3) that the check was signed "without recourse" (AC ¶¶ 13, 14, 16); and (4) that a Mariner's Bank's employee by the name of "Andy" purposefully signed the check improperly on behalf of an organized crime group which is trying to do Sanou harm (AC ¶¶ 18-22).[1]

These allegations do not rectify the deficiencies set forth in my prior Opinion. No legal basis for the suit has been provided in the Amended Complaint. It is not clear what cause of action is being asserted by Sanou. As noted in my prior Opinion, the documents provided demonstrate that Mariner's Bank acted appropriately in light of Capital One's refusal to accept the endorsement and deposit the check. Sanou alleges that Mariner's Bank said they would send a letter confirming the endorsement of the check to Capital

---

[1]     Sanou also includes allegations regarding improper conduct on the part of Mariner's Bank relating to having filed their original motion to dismiss a day after the time to file such a motion had passed and having apparently failed to mail a copy of the motion to Sanou's correct address. (AC ¶¶ 24, 25) I note that, following an extension request, the time to answer or move to dismiss the complaint was extended until August 17, 2015. (Dkt. Entry following Dkt. No. 6) The first motion to dismiss was timely filed electronically on August 14, 2015. (Dkt. No. 7) The docket reflects that a first attempt to deliver a copy of the motion was returned as undeliverable on August 17, and Sanou then requested to change his address on the docket on August 18, 2015 (Dkt. No. 9). Thereafter, Mariner's Bank properly served Sanou with a copy of the motion on August 18, 2015. (Dkt. No. 10) There is nothing improper in this course of events. Given the fact that Sanou has clearly changed his address, but failed to notify the Defendant or the Court until August 18, 2015, no wrongdoing on the part of Mariner's Bank can be inferred. In any event, the motion was served merely a day after the deadline, a trivial delay that I would ordinarily excuse.

One, but never did—but Sanou attaches a copy of such a letter to his Amended Complaint. (Dkt. No. 21-1 p. 17) That letter, dated June 2, 2015, from Mariner's Bank to Capital One Bank, appears to be the very letter "Andy" promised the bank would send. Moreover, writing "without recourse" on a check, while a vehicle to limit liability on the part of the party endorsing the check, does not by itself give rise to a legal claim. No allegations are made that writing "without recourse" on this check was improper in this case.

Finally, giving the Amended Complaint a lenient reading, it appears that Sanou alleges that Mariner's Bank should be held vicariously liable for the actions of its employee, Andy, who, it is alleged, is engaged in a criminal conspiracy. Under the doctrine of respondeat superior, an employer may be held vicariously liable for the conduct of its employee, where that employee is acting within the scope of his employment. *See, e.g., Lylo v. Smith*, Civ. No. 05-2670, 2006 WL 2990468, at *3 (D.N.J. Oct. 19, 2006). There are, however, no allegations which would support such a claim for vicarious liability. Sanou alleges that "Andy" intentionally failed to properly endorse the check on behalf of a group of New York Police Department officers who were engaged in drug dealing and hoping to charge Sanou with insurance fraud and to kill him. (AC ¶ 18) Such allegations would indicate that the actions of "Andy" were beyond the scope of his employment, as they would constitute intentional tortious activity and/or criminal activity. Accordingly, there is no legal basis to hold Mariner's Bank liable the actions of its employee. At any rate, the conspiracy is not supported by factual, as opposed to conclusory, allegations.

## CONCLUSION

The Amended Complaint is therefore dismissed for failure to state a claim. Plaintiff having had two opportunities to attempt to state a claim, this dismissal is with prejudice.

Dated: July 5, 2016

HON. KEVIN MCNULTY, U.S.D.J.

4